UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALLAN C. DRAVES, ESQ., as Personal Representative of the Estate of Victor Rafael Padilla Enriquez,<br><br>    Plaintiff,<br><br>  v.<br><br>BIG DUTCHMAN, INC., and BIG DUTCHMAN PIG EQUIPMENT, GmbH,<br><br>    Defendants. | Case No. 4:11-cv-00194-EJL-CWD<br><br>**REPORT AND RECOMMENDATION** |

## INTRODUCTION

There are two motions before the Court: (1) Defendant Big Dutchman Pig Equipment GmbH's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), (Dkt. 62); and (2) Plaintiff's Motion for Dismissal of Defendant Big Dutchman, Inc. (Dkt. 65.)

The above motions were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636. (Dkt. 73.) The motions have been fully briefed and the parties presented oral arguments on the motions on October 25, 2012. For the reasons set

**REPORT AND RECOMMENDATION - 1**

forth more fully below, the undersigned will recommend that the District Judge deny Big Dutchman Pig Equipment GmbH's motion to dismiss, (Dkt. 62), and grant Plaintiff's motion to dismiss Big Dutchman, Inc. from this action. (Dkt. 65.)

## BACKGROUND

This action arises out of a work place accident in which Victor Rafael Padilla Enriquez sustained fatal injuries while cleaning a "Big Dutchman Pig Feeding System." Specifically, it is alleged that, while Mr. Padilla was cleaning the pig feeding machine, a hose became entangled with the blades of the machine causing Mr. Padilla to fall through an access hole located on the top of the machine and into the blades. The accident occurred on February 18, 2009, at Nature Farm in Declo, Idaho.

Following the accident, Allan Draves as personal representative of Mr. Padilla's estate, filed a product liability and wrongful death action against Big Dutchman, Inc., a Michigan corporation "primarily engaged in the business of producing and selling equipment and machinery for the poultry industry." (*See Aff. of Mark Mulder*, Dkt. 42.) The Complaint was filed on February 14, 2011, four days before the expiration of the applicable statute of limitations. Draves seeks relief under theories of strict liability and negligence for defective design and the failure to adequately warn users of the danger associated with the machine. The Complaint originally was filed in Florida state court, removed to the United States District Court for the Middle District of Florida, and later transferred (on the defendant's motion for change of venue) to this District. (Dkt. 22.)

After the Complaint was filed and answered by Big Dutchman, Inc., an inspection of the pig feeding machine was arranged among counsel and then occurred on May 18, 2011, in Declo, Idaho. During the inspection, counsel for both parties were present and, "at that time[,] it was determined that Big Dutchman Pig Equipment GmbH was the manufacturer." (*Pl.'s Reply in Supp. of Mot. for Leave to Amend Compl.* at 2, Dkt. 43.)

On July 1, 2011,  Draves requested leave from the Court to amend his Complaint to add the German Company – Big Dutchman Pig Equipment GmbH – as a defendant in this action. (Dkt. 37.) The motion was filed after Draves learned through discovery that the pig feeding machine at issue in this case was manufactured by the German Company and not by Big Dutchman, Inc.

Big Dutchman, Inc. -- the American company and the only named defendant as of the time of Draves' motion to amend -- opposed the motion to amend, arguing that any claims against the German Company would be barred by the statute of limitations and that the proposed amended complaint would not relate back to the original complaint under Fed. R. Civ. P. 15(c). On December 9, 2011, the Court granted Draves' motion for leave to amend. (Dkt. 53.) The Court did not rule on the relation back issue, finding the issue premature at that time because the German Company was not yet a party to the action. Following the Court's order granting the motion for leave to amend, Draves served the German Company under the Hague Convention on Service Abroad.

**REPORT AND RECOMMENDATION - 3**

Now a named defendant, the German Company has filed a motion to dismiss Draves' amended complaint.[1] (Dkt. 62.) As anticipated, the German Company argues that Draves' claims are barred by the applicable statute of limitations and that Draves' claims do not relate back to the filing of the original complaint.

After the German Company filed its motion to dismiss, Draves filed a motion to dismiss Big Dutchman, Inc. (the "American Company") from this action. (Dkt. 65.) The motion relates to an issue raised by the German Company – that the relation back doctrine, as codified in Fed. R. Civ. P. 15(c), only applies where the plaintiff is seeking to substitute parties, as opposed to adding an additional party. Draves' motion seeking dismissal of the American Company makes it clear that he is substituting the German Company in place of the American Company, and not attempting to add an additional party. Defendants' response to Draves' motion indicates that neither defendant takes a position on Draves' motion to dismiss the American Company. (Dkt. 66.) Daves motion will be addressed below in connection with the German Company's motion to dismiss, but will not be addressed separately.

## DISCUSSION

The German Company moves the Court to dismiss Draves' amended complaint under Fed. R. Civ. P. 12(b)(6). Specifically, the German Company contends that Draves' claims are barred by the applicable statute of limitations, and that Draves' amended

---

[1] The German Company and Big Dutchman, Inc. are represented by the same local counsel.

**REPORT AND RECOMMENDATION - 4**

complaint does not relate back to the original complaint under Fed. R. Civ. P. 15(c).

According to the United States Court of Appeals for the Ninth Circuit, "[a] claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)). The parties are in agreement that the applicable statute of limitations for Draves' action in this case is two years, and began to run "as of the time of the occurrence, act or omission complained of." *See* Idaho Code § 5-219(4). Here, the accident at issue occurred on February 18, 2009. (*Pl.'s First Am. Compl.*, at ¶ 14, Dkt. 54.) Draves' original complaint -- naming the American Company -- was filed on March 22, 2011, four days before expiration of the two year statute of limitations. Draves' Amended Complaint -- naming the German Company -- was filed on December 16, 2011, well after the expiration of the limitations period. Thus, Draves' Amended Complaint is time barred unless it relates back to the filing of the original complaint under Fed. R. Civ. P. 15(c).

Rule 15(c) "is the only vehicle through which a plaintiff may amend his complaint, after a statute of limitation period has run, to accurately name a defendant who was not correctly named in the pleading before the limitation period had run." *G.F. Co. v. Pan Ocean Shipping Co., Ltd.*, 23 F.3d 1498, 1501 (9th Cir. 1994). Rule 15(c) provides that an amended pleading changing parties will "relate back" to a timely filed original pleading even though the amendment is filed outside of the applicable statute of limitation where:

**REPORT AND RECOMMENDATION - 5**

(i) the claim arose out of the conduct, transaction, or occurrence set out in the original pleading; (ii) the party to be brought in by amendment received notice of the action during the Rule 4(m) service period (120 days from the filing of the complaint) such that it will not be prejudiced in defending on the merits; and (iii) the party to be brought in knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity. Fed. R. Civ. P. 15(c).

The German Company argues that Draves' Amended Complaint does not relate back under Rule 15(c) for three reasons. First, the German Company claims that Rule 15(c) only applies where a plaintiff seeks to substitute one defendant in place of another (as opposed to adding additional defendants), and that the Rule is therefore inapplicable in this case because Draves sought to add the German Company as a defendant rather than substituting it in place of the American Company. The German Company's second and third arguments assume that Rule 15 applies regardless of the addition versus substitution distinction, and are based upon alternative factual scenarios.

The German Company contends that, under the first scenario, if Draves *was not aware* of the existence of the German Company at the time the original complaint was filed, Draves' lack of knowledge concerning the company's existence does not constitute a "mistake" within the meaning of Rule 15(c). Alternatively, under the second scenario, if Draves *was aware* of the existence of the German Company at the time the original complaint was filed, the German Company argues that Draves made a conscious decision to name the American Company in the original complaint and that such choice does not

**REPORT AND RECOMMENDATION - 6**

constitute a "mistake" under Rule 15(c).

Each of these arguments will be addressed below.

**1.      Substitution vs. Addition**

Rule 15(c) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment *changes the party* or the naming of the party against whom a claim is asserted . . . ." Fed. R. Civ. P. 15(c)(1)(C) (emphasis added). The German Company argues that the phrase "changes the party" limits the applicability of Rule 15(c) to situations where the plaintiff seeks the substitution, not the addition, of a new defendant.

In support of its position, the German Company cites *Telesaurus VPC, LLC v. Power*, CV 07-01311-PHX-NVW, 2011 WL 5024239 (D. Ariz. Oct. 21, 2011). In that case, the plaintiff filed suit one day before the expiration of the statute of limitations. The plaintiff then filed an amended complaint – after the statute of limitations had run – naming a new defendant while retaining the original defendants. The plaintiff argued that the amended complaint "related back" to the original complaint under Rule 15(c). The district court disagreed and granted the motion to dismiss. In its order, the district court noted a difference between an amendment that seeks to add a party versus an amendment that substitutes one party for another. The district court then noted that *Wright & Miller* and the Court of Appeals for the Fourth Circuit (based on *Wright & Miller*) interpret Rule 15(c) to allow application of the relation back doctrine regardless of whether the new party is in addition to, or substituted for, the already named party. *See Goodman v.*

**REPORT AND RECOMMENDATION - 7**

*Praxair, Inc.*, 494 F.3d 458 (4th Cir. 2007). The district court found, however, that the reasoning employed by *Wright & Miller* and the Fourth Circuit is not supported by the language and purpose of Rule 15(c). The court held that the term "change" – as it is used in Rule 15(c) – contemplates substitution of parties, not the addition of a party. Because the amended complaint added a new defendant rather than substituted one defendant for another, the court held that Rule 15(c) was inapplicable and granted the defendant's motion to dismiss.

The facts of this case do not require the Court to take a position on whether Rule 15(c) applies only in cases of substitution (as opposed to cases where the plaintiff is seeking the addition of defendants), because it is clear that Draves is seeking the substitution of the German Company in place of the American Company. Draves' original complaint and his motion to amend the complaint make clear that the entity sought to be held liable is the manufacturer of the pig feeding machine. Indeed, the motion to amend was filed because Draves learned that the American Company was not the manufacturer of the machine. Moreover, following the Court's order granting Draves' motion to amend, Draves filed a motion to dismiss the American Company from this action. The German Company is correct that Draves left the American Company's name in the amended complaint. However, if the Court is to give preference to substance over form, then it is clear that Draves is seeking the substitution of one defendant for another, not the addition

**REPORT AND RECOMMENDATION - 8**

of a new defendant.[2]

## 2.      "Lack of Knowledge" as a "Mistake"

For the relation back doctrine under Rule 15(c) to apply, Draves must demonstrate that the German Company "knew or should have known that the action would have been brought against it, *but for a mistake concerning the proper party's identity*." Fed. R. Civ. P. 15(c)(1)(C)(ii) (emphasis added). Relation back applies if the party knew or should have known (during the time allowed by Rule 4(m)) that it would have been named but for an error. The German Company conceded at the hearing that the first clause of the rule was satisfied in this case – that the German Company had notice of the lawsuit within the Rule 4(m) time frame. Despite this concession, the German Company argues that relation back is inappropriate because Draves has failed to demonstrate the underlying prerequisite of the rule – that an actual mistake was made concerning the proper party's identity. Specifically, the German Company argues that "Plaintiff could not have made a 'mistake' under Fed. R. Civ. P. 15(c)(1)(C) because Plaintiff was not aware of Big Dutchman Pig Equipment GmbH's existence at the time of the original filing." (*Def. Big Dutchman Pig Equipment GmbH's Reply in Supp. of its Mot. to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)* at 4, Dkt. 68) (capitalization omitted).

While the German Company is correct that several courts have held that lack of knowledge as to the correct party does not constitute a "mistake" under Rule 15(c), the

---

[2] The Court also notes that Draves could not have unilaterally changed the caption without the Court's approval.

**REPORT AND RECOMMENDATION - 9**

Ninth Circuit has not addressed this issue, and the Court concludes that such an interpretation is neither supported by the language of Rule 15, the rule's purpose, nor the United States Supreme Court's discussion of the rule in *Krupski v. Costa Crociere SpA*, 130 S.Ct. 2485 (2010).

The Supreme Court clarified in *Krupski* that the proper inquiry under Rule 15(c) is on what the prospective defendant knew at the time the plaintiff filed the original complaint. The Court's holding, however, did not abdicate a plaintiff's responsibility to demonstrate the existence of an underlying mistake, which remains a prerequisite to the rule's application. For the Court to reach the question of whether the prospective defendant knew of the alleged mistake, there first must be evidence that an actual mistake was made.

Relevant for the purposes of this discussion, Justice Sotomayor made several statements in her decision in *Krupski* as to the nature of the "mistake" contemplated by Rule 15(c). First, the Court defined the term: "[a] mistake is '[a]n error, misconception, or misunderstanding; an erroneous belief.'" *Id*. at 2494 (quoting Black's Law Dictionary 1092 (9th ed. 2009)). The Court also quoted Webster's definition of "mistake," which defines the term as "a misunderstanding of the meaning or implication of something"; "a wrong action or statement proceeding from faulty judgment, inadequate knowledge, or inattention"; "an erroneous belief"' or "a state of mind not in accordance with the facts." Webster's Third New International Dictionary 1446 (2002). These definitions do not indicate that a lack of knowledge precludes the existence of a "mistake" within the

**REPORT AND RECOMMENDATION - 10**

meaning of Rule 15(c). Indeed, Webster's definition, which includes "a wrong action or statement proceeding from . . . *inadequate knowledge*," suggests otherwise. (emphasis added).

Justice Sotomayor also made clear that, under Rule 15(c), the fact that "a plaintiff knows of a party's existence does not preclude her from making a mistake with respect to that party's identity." *Id*. at 2494. This statement suggests that the situation in which a plaintiff knows of the proper party's existence, but fails to name that entity due to a mistake, is not the ordinary circumstance under which a mistake as to identity is made. Taking this inference to its logical conclusion, the usual circumstance under which a plaintiff fails to name the proper party would be one in which the plaintiff does not know of the proper party's existence.

This interpretation is supported by *Moore's Federal Practice*, which provides the following discussion of Rule 15(c):

> Before *Krupski*, many courts had held that a lack of knowledge as to who the correct party was did not constitute a "mistake," so that a plaintiff who did not know the identity of the defendant could not rely on relation back. Other courts disagreed with this view, finding no linguistic basis for the distinction in the rule. These courts held that both minsnomer and lack of knowledge of the proper defendant could constitute a "mistake concerning the proper party's identity" as required by Rule 15(c)(1)(C)(ii).
>
> In *Krupski*, the Supreme Court sided with this second, better reasoned, line of authority. Information in the plaintiff's possession is relevant to the relation back inquiry only if it bears on the defendant's understanding of whether the plaintiff made a mistake regarding the proper party's identity.

**REPORT AND RECOMMENDATION - 11**

> For this purpose, ***knowledge of a party's existence may not be equated with the absence of mistake***. A plaintiff who knows of a person's existence may still be mistaken as to the person's status, or as to the role the person played in the transaction or occurrence, or in other ways. Moreover, the reasonableness of the mistake is not at issue; the relevant inquiry is whether the party to be brought in knew that the action would have been brought against it but for the mistake, reasonable or not.

3-15 *Moore's Federal Practice* - Civil § 15.19 (emphasis added).

This interpretation is also supported by the purpose of the relation back doctrine, which, according to the Supreme Court, is "to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits." *Krupski*, 130 S. Ct. at 2494. Application of the rule under this interpretation would prevent miscarriages of justice in which a proposed defendant who had knowledge of the dispute could escape liability due to a plaintiff's mistake in the defendant's identity due to lack of knowledge or otherwise, while preserving the purpose of Rule 15 by requiring the plaintiff to prove knowledge of the dispute and notice.

As noted above, the German Company is correct that district courts within the Ninth Circuit have held that lack of knowledge is not a mistake. *See Monaco v. Bear Stearns Companies, Inc.*, 2011 WL 4059801 (C.D. Cal. Sept. 12, 2011); *Brooks v. ComUnity Lending, Inc.*, 2009 WL 1513397 (N.D. Cal. May 29, 2009); *Butler v. Robar Enterprises, Inc.*, 208 F.R.D. 621, 624 (C.D. Cal. 2002). These cases, however, either involved situations where the plaintiff named "John Doe" defendants, or relied upon the

**REPORT AND RECOMMENDATION - 12**

reasoning from cases involving John Doe defendants. Once again, Moore's Federal

Practice is instructive on this issue:

> It has usually been held that an amendment adding a
> defendant in place of a John Doe defendant does not relate
> back. Naming a John Doe defendant would not appear to be a
> "mistake" even under a broad definition, and moreover a
> person added in place of a John Doe defendant ordinarily
> would not have the notice required by the rule.

3-15 Moore's Federal Practice - Civil § 15.19. The above passage confirms that the John

Doe cases are distinguishable from this case, and the line of reasoning from those cases

suggesting that a lack of knowledge does not constitute a mistake under Rule 15 should

not be applied as broadly as the German Company suggests. Moreover, upon review of

the cases within the Ninth Circuit, it appears there is a split among the district courts on

this issue. In a post-*Krupski* case, the District of Arizona held that lack of knowledge can

constitute a mistake under Rule 15. *Pochoda v. Arpaio*, 2010 WL 2367508 (D. Ariz. June

10, 2010) ("a plaintiff's failure to sue a prospective defendant due to lack of knowledge

of that defendant's existence appears to fit neatly within the scope of 'a mistake

concerning the proper party's identity.'").

   For all the reasons discussed above, the Court finds that the most appropriate

interpretation of Rule 15 is the one in which a lack of knowledge can -- in circumstances

such as those present in this case -- constitute a "mistake" within the meaning of Rule

15(c).

**REPORT AND RECOMMENDATION - 13**

3.      **Whether Draves Made a Conscious Choice to Sue the American Company**

As an alternative to the above argument, the German Company contends that, if Draves was aware of the German Company's existence, he made a conscious choice to name the American company in his original complaint, which is not a mistake within the meaning of Rule 15(c). For the reasons that follow, the Court finds this argument is not supported by the record.

In *Krupski*, the Supreme Court cautioned that "making a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties is the antithesis of making a mistake concerning the proper party's identity." *Krupski*, 130 S. Ct. at 2494. The Court further stated that, "[w]hen the original complaint and the plaintiff's conduct compel the conclusion that the failure to name the prospective defendant in the original complaint was the result of a fully informed decision as opposed to a mistake concerning the proper defendant's identity, the requirements of Rule 15(c)(1)(C)(ii) are not met." *Id*. at 2496.

As noted in *Krupski*, "[a] mistake is '[a]n error, misconception, or misunderstanding; an erroneous belief.'" *Id*. at 2494 (quoting Black's Law Dictionary 1092 (9th ed. 2009)). Moreover, for the purposes of Rule 15(c), "[t]he reasonableness of the mistake is not itself at issue." *Id*. at 2494. "[A] plaintiff might know that a prospective defendant exists but nonetheless harbor a misunderstanding about his status or role in the events giving rise to the claim at issue, and she may mistakenly choose to sue a different defendant based on that misimpression." *Id*. at 2494.

**REPORT AND RECOMMENDATION - 14**

In this case, Draves' original complaint alleged that the American company was strictly liable and negligent in the design and manufacture of the pig feeding machine. Draves thought that Big Dutchman, Inc. was the manufacturer of the pig feeding machine. As it turns out, Draves was wrong. This error falls squarely within the definition of "mistake" as outlined by the Supreme Court in *Krupski*. As the First Circuit stated in a factually similar case, "[i]t is obvious from the face of the original complaint that the plaintiffs intended to sue the manufacturer of the allegedly defective [machine]." *Carmen Morel v. Diamler-Chrysler AG*, 565 F.3d 20, 27 (1st Cir. 2009) (reversing district court's grant of partial summary judgment and finding that amended complaint did not relate back under Rule 15(c)).

Both parties go into some discussion of why Draves mistakenly believed that the American company, rather than the German Company, was the manufacturer of the pig feeding machine. And the German Company makes an argument based upon a district court decision out of the Central District of California, which held that a plaintiff's mistaken belief about whether the proposed defendant could be held personally liable did not constitute a mistake under Rule 15. *See Lauter v. Anoufrieva*, 2010 WL 3504745 (C.D. Cal. July 14, 2010). That case, however, is distinguishable.

In *Lauter*, a pro se plaintiff filed an action against his former wife and the attorneys who represented the plaintiff's former wife. He alleged that the law firm harassed him through their representation of his former wife, caused intentional infliction of emotional distress, and violated the Racketeer Influenced and Corrupt Organizations

**REPORT AND RECOMMENDATION - 15**

Act. In his original complaint, the pro se plaintiff named John Doe defendants rather than the individual partners of the law firm. He later filed an amended complaint naming the individual partners. The lawyers argued that the claims against them were time barred and that the amended complaint did not relate back.

In conducting its analysis under Rule 15(c), the district court noted that the plaintiff conceded he knew of the individual partners when he filed the original complaint but believed they could not be held personally liable. The reason for this purported "mistake" was that the plaintiff was unclear about whether the firm was organized as a partnership or a limited liability partnership, which are subject to different rules concerning liability under California law. The district court held that this "mistake" was not the type of mistake contemplated by Rule 15(c). Given the plaintiff's confusion as to the legal status of the proposed defendants, the district court held "there is no basis to conclude that the Cox Partners timely knew or should have known that this action would have been brought against them but for a mistake by plaintiff concerning their identity." *Id*. at *25. Based on that finding, the district court held that the amended complaint did not relate back.

Here, Draves' mistake simply is not of the same sort alleged in the *Lauter* case. Draves did not harbor a misunderstanding of the law that led him to believe that the German Company could not be held liable. Rather, Draves was mistaken as to who manufactured the pig feeding machine. This is precisely the type of factual mistake contemplated by the Supreme Court in *Krupski*.

**REPORT AND RECOMMENDATION - 16**

## CONCLUSION

Draves has satisfied all the requirements of Rule 15(c): the amendment asserts a claim that arose out of the conduct, transaction, or occurrence set out in the original pleading (this factor is not disputed); the party sought to be brought into the case concedes that it received notice of the action; and the German Company knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity. Because all the requirements of Rule 15(c) have been met, Draves' amended complaint should be found to relate back to the original complaint and not barred by the statute of limitations.

## <u>RECOMMENDATION</u>

**NOW THEREFORE IT IS HEREBY RECOMMENDED that:**

1)   Big Dutchman Pig Equipment GmbH's motion to dismiss (Dkt. 62) be

   **DENIED**.

2)   Plaintiff's motion to dismiss Defendant Big Dutchman, Inc. (Dkt. 65) be

   **GRANTED**.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Dist. Idaho L. Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

**REPORT AND RECOMMENDATION - 17**

DATED: November 8, 2012



Honorable Candy W. Dale
Chief United States Magistrate Judge

**REPORT AND RECOMMENDATION - 18**