UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALLAN C. DRAVES, ESQ., as Personal Representative of the Estate of Victor Rafael Padilla Enriquez,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BIG DUTCHMAN, INC., and BIG DUTCHMAN PIG EQUIPMENT, GmbH,<br><br>　　　　　Defendants. | Case No. 4:11-CV-00194-EJL-CWD<br><br>**ORDER ON REPORT AND RECOMMENDATION** |

　　On November 8, 2012, Chief United States Magistrate Judge Candy W. Dale issued a Report and Recommendation in this matter. (Dkt. 75.) Pursuant to 28 U.S.C. § 636(b)(1), the parties had fourteen days in which to file written objections to the Report and Recommendation.  Defendant Big Dutchman Pig Equipment, GmbH filed objections on November 26, 2012. (Dkt. 78.)  Plaintiff filed a response to the objections on December 10, 2012. (Dkt. 80.)  The Court granted Big Dutchman Pig Equipment GmbH leave to file a reply to Plaintiff's response and such reply was filed on December 12, 2012. (Dkt. 81-1).The matter is now ripe for the Court's consideration.

**ORDER ON REPORT AND RECOMMENDATION - 1**

# DISCUSSION

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge.  Where the parties object to a report and recommendation, this Court shall make a de novo determination of those portions of the report which objection is made. *Id.*[1] Where, however, no objections are filed the district court need not conduct a de novo review. In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. § 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39 (clarifying that de novo review not required for Article III purposes unless requested by the parties) . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). Furthermore, to the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within

---

[1] Plaintiff argues the standard of review is clearly erroneous or contrary to the law, but this standard is not applicable since the motion at issue is dispositive in nature.  *See* Fed. R. Civ. P. 72 (b)(3).

**ORDER ON REPORT AND RECOMMENDATION - 2**

fourteen days of service of the Report and Recommendation). "When no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir.1974)).  In this case, the objections were filed so the Court is required to conduct a de novo determination of the Report and Recommendation.

## TIMELINESS

Plaintiff argues the objections were not timely filed.  The Court finds the Defendant's objections were timely filed.  The parties had fourteen days to file objections. Fed. R. Civ. P. 72 (b)(2).  The Court starts counting the day *after* the Report and Recommendation was issued.  Then Fed. R. Civ. P. 6(d) adds three (3) days for service. Therefore, the objections were timely filed on November 26, 2012.

## BACKGROUND

The Court adopts the factual background set forth by Judge Dale on pages 2-4 of the Report and Recommendation:

> This action arises out of a work place accident in which Victor Rafael Padilla Enriquez sustained fatal injuries while cleaning a "Big Dutchman Pig Feeding System." Specifically, it is alleged that, while Mr. Padilla was cleaning the pig feeding machine, a hose became entangled with the blades of the machine causing Mr. Padilla to fall through an access hole located on the top of the machine and into the blades. The accident occurred on February 18, 2009, at Nature Farm in Declo, Idaho.
> Following the accident, Allan Draves ("Draves") as personal representative of Mr. Padilla's estate, filed a product liability and wrongful death action against Big Dutchman, Inc., a Michigan corporation "primarily

**ORDER ADOPTING REPORT AND RECOMMENDATION - 3**

engaged in the business of producing and selling equipment and machinery for the poultry industry." (*See Aff. of Mark Mulder*, Dkt. 42.) The Complaint was filed on February 14, 2011, four days before the expiration of the applicable statute of limitations. Draves seeks relief under theories of strict liability and negligence for defective design and the failure to adequately warn users of the danger associated with the machine. The Complaint originally was filed in Florida state court, removed to the United States District Court for the Middle District of Florida, and later transferred (on the defendant's motion for change of venue) to this District. (Dkt. 22.)

After the Complaint was filed and answered by Big Dutchman, Inc., an inspection of the pig feeding machine was arranged among counsel and then occurred on May 18, 2011, in Declo, Idaho. During the inspection, counsel for both parties were present and, "at that time[,] it was determined that Big Dutchman Pig Equipment GmbH was the manufacturer." (*Pl.'s Reply in Supp. of Mot. for Leave to Amend Compl.* at 2, Dkt. 43.)

On July 1, 2011, Draves requested leave from the Court to amend his Complaint to add Big Dutchman Pig Equipment GmbH (the "German Company") as a defendant in this action. (Dkt. 37.) The motion was filed after Draves learned through discovery that the pig feeding machine at issue in this case was manufactured by the German Company and not by Big Dutchman, Inc.

Big Dutchman, Inc. -- the American company and the only named defendant as of the time of Draves' motion to amend -- opposed the motion to amend, arguing that any claims against the German Company would be barred by the statute of limitations and that the proposed amended complaint would not relate back to the original complaint under Fed. R. Civ. P. 15(c). On December 9, 2011, the Court granted Draves' motion for leave to amend. (Dkt. 53.) The Court did not rule on the relation back issue, finding the issue premature at that time because the German Company was not yet a party to the action. Following the Court's order granting the motion for leave to amend, Draves served the German Company under the Hague Convention on Service Abroad.

Now a named defendant, the German Company has filed a motion to dismiss Draves' Amended Complaint.[2] (Dkt. 62.) As anticipated, the German Company argues that Draves' claims are barred by the applicable statute of limitations and that Draves' claims do not relate back to the filing

---

[2] The German Company (Big Dutchman Pig Equipment, GmbH) and Big Dutchman, Inc. are represented by the same local counsel.

of the original complaint.

After the German Company filed its motion to dismiss, Draves filed a motion to dismiss Big Dutchman, Inc. (the "American Company") from this action. (Dkt. 65.) The motion relates to an issue raised by the German Company – that the relation back doctrine, as codified in Fed. R. Civ. P. 15(c), only applies where the plaintiff is seeking to substitute parties, as opposed to adding an additional party. Draves' motion seeking dismissal of the American Company makes it clear that he is substituting the German Company in place of the American Company, and not attempting to add an additional party. Defendants' response to Draves' motion indicates that neither defendant takes a position on Draves' motion to dismiss the American Company. (Dkt. 66.) Draves motion will be addressed below in connection with the German Company's motion to dismiss, but will not be addressed separately.

## ANALYSIS

The German Company (Big Dutchman Pig Equipment, GmbH) moves to dismiss the Amended Complaint under Fed. R. Civ. P. 12(b)(6) arguing the claims are barred by the two year statute of limitations because the Amended Complaint does not meet the requirements to relate back pursuant to Fed. R. Civ. P. 15(c).  The Court finds the Amended Complaint does relate back and the matter should be allowed to go forward on its merits.

**ORDER ADOPTING REPORT AND RECOMMENDATION - 5**

1. **Rule 15(c)**

Rule 15(c) Relation Back of Amendments provides:

(1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
   (A) the law that provides the applicable statue of limitations allows relation back;
   (B) the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out – or attempted to be set out– in the original pleading; or
   (C) the amendment changes the party or the naming of the party against who a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
      (I) received such notice of the action that it will not be prejudiced in defending on the merits; and
      (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

In this case, the focus is on Rule 15(c)(1)(C). There are four conditions to satisfy Rule 15(c)(1)(C). First, the amendment must "change the party or the naming of the party" against who a claim is asserted. Second, the claim must satisfy 15(c)(1)(B) in that it arises "out of the conduct, transaction, or occurrence set out - or attempted to be set out–in the original pleading." Third, the party to be brought in must have received notice of the plaintiff's claim within the time limits of Rule 4(m). Fourth, within the same time period as the notice time period, the newly designated defendant either knew or should have known that the action would have been brought against it but for a mistake

**ORDER ADOPTING REPORT AND RECOMMENDATION - 6**

regarding the proper party's identity. *See Telesaurus VPC, LLC v. Power*, 2011 WL 5024239 (D. Arizona Oct. 11, 2011).

Clearly, the second requirement has been satisfied as the claim against the German Company arises out of the same conduct set out in the original pleading – the equipment at issue allegedly caused the death of Mr. Padilla. It is also agreed by the parties that this case is *not* about whether the German Company had "notice" of the claims set forth in the Complaint as it was conceded in oral argument that the German Company had "notice" of the original lawsuit within one hundred twenty (120) days of the original complaint being filed on February 14, 2011. Therefore, the third condition is satisfied and two questions remain:

    1) Did the motion to amend seek to "change the party or the naming of a party against who a claim is asserted" as contemplated under Rule 15(c)(1)(C)?

    2) Is the amendment to the correct manufacturer of the equipment at issue a "mistake" as contemplated by Rule 15(c)(1)(C)(ii)?

### 2. Did Plaintiff seek to "Change" the Party?

The German Company objects to Judge Dale's findings that the German Company was "substituted" for the American Company. The German Company argues it had to have been substituted for the American Company in order for the Amended Complaint to be considered as relating back under Rule 15(c)(1)(C). The German Company claims

**ORDER ADOPTING REPORT AND RECOMMENDATION - 7**

there was a motion to amend to "add" the German Company, not to "substitute" it for the American Company.

The German Company bases its argument on a federal district court case out of Arizona cited above: *Telesaurus VPC, LLC v. Power*, 2011 WL 5024239 (D. Arizona 2011). That court stated: "On its face, this language [in Rule 15(c)(1)(C)] permits only substitution, not addition, of parties." *Id.* at *2. This Court declines to adopt such a black and white interpretation of the phrase "changes the party or the naming of the party against whom a claim is asserted." The Court notes the *Telesaurus* decision is not binding on this Court and even that decision states the Ninth Circuit has not squarely addressed the issue of Rule 15(c)(1)(C)'s "change" requirement. *Id.*

This Court cannot locate any existing Ninth Circuit precedent that would hold Plaintiff's motion to amend does not comply with Rule 15(c)(1)(C) under the particular facts of this case and the longstanding premise of liberally interpreting Rule 15 to allow for disputes to be resolved on their merits. In *Telesaurus,* the plaintiff was seeking to "add" a defendant, not substitute a new party for a preexisting defendant. That is not the situation in the case at bar. It is clear in the case at bar that Plaintiff is seeking to substitute the German Company for the American Company. While it is true technically the American Company was dismissed on a separate motion, the substance of the motion to amend is to name the correct manufacturer of the equipment at issue after the identity of such manufacturer was discovered during the inspection by the parties. It is

disingenuous and contrary to the language of Rule 15(c)(1)(C) for the German Company to argue Plaintiff was really trying to "add" the German Company and to seek recovery from both companies.  Plaintiff's intent with the motion to amend was to sue the correct manufacturer and it would be illogical (and possibly subject Plaintiff to sanctions) if Plaintiff continued to pursue a company the Personal Representative knew did not manufacture the equipment at issue.

The Court finds in applying *Telesaurus* to the facts of this case, *Telesaurus* would support a finding that the requested amendment was to "change" the party or the name of the party to the proper party.  The purpose of the proposed amendment was not to add an additional defendant in order to hold more than one defendant liable in this case.  The Court agrees with Judge Dale that the body of the motion to amend clearly sets forth that amendment is to substitute in as the proper defendant the correct manufacturer of the equipment at issue. This conclusion is also consistent with *Wright and Miller's* approach which declares the better practice is to determine the propriety of the amendment (substitution or addition) in light of the notice requirements of Rule 15(c)(1) which the German Company has conceded were complied with.  *Id.* *4 (this Court acknowledges the *Telesaurus* court took issue with *Wright and Miller's* approach).  For these reasons, the German's Company objection as to the first condition is denied.

**ORDER ADOPTING REPORT AND RECOMMENDATION - 9**

### 3. Did Plaintiff Name the Wrong Manufacturer by Mistake?

Defendant makes several arguments regarding whether or not a "mistake" as contemplated by Rule 15(c)(1)(C)(ii) was made in this case. The German Company argues: 1) it was a "lack of knowledge" of the German Company (not a mistake) by Plaintiff when he or his counsel filed the original Complaint; 2) Moore's Federal Practice's interpretation of Rule(c)(1)(C)(ii) is incorrect; 3) allowing a lack of knowledge to constitute a mistake contravenes the purpose of the relation back doctrine; 4) absence of "Doe Defendants" in this case does not militate for a finding of mistake; 5) Plaintiff could not have made a "mistake" intentionally suing the American Company because no evidence supports that decision; and 6) even assuming Plaintiff made a "mistake," it is not the kind of "mistake" recognized by Rule 15(c)(1)(C) as allowing relation back.

The Court finds it need not address each of these arguments as the Supreme Court case *Krupski v. Costa Crociere S.p. A.*, — U.S. —, 130 S.Ct. 2485 (2010) is directly on point and as applied to this case supports Judge Dale's finding that Plaintiff did make a "mistake" in naming the wrong manufacturer and it was precisely the type of "mistake" that provides for relation back under Rule 15(c)(1)(C). *Krupski* indicates it is the knowledge of the newly named defendant (not the plaintiff) that should be considered in determining whether the action would have been brought against the newly named defendant, but for a mistake. The German Company seeks to shift the burden to what Plaintiff knew, but this is not the proper inquiry. In fact, it is hard for this Court to

**ORDER ADOPTING REPORT AND RECOMMENDATION - 10**

imagine how Plaintiff naming the wrong manufacturer in this case was anything but a mistake as contemplated by Rule 15(c)(1)(C). The German Company had timely notice of the original Complaint and Plaintiff moved to amend the Complaint to sue the correct manufacturer of the equipment with due diligence after the true identity was discovered by all the parties. All of the requirements of Rule 15(c)(1)(C) have been satisfied and Plaintiff is entitled under our civil rules to have the Amended Complaint relate back to the filing of the original Complaint such that the statute of limitations does not bar Plaintiff's claims.

## CONCLUSION

This Court finds as controlling law the Supreme Court's decision in *Krupski*. A mistake was made by Plaintiff or Plaintiff's counsel in naming the American Company instead of the German Company as the manufacturer of the equipment at issue in this case. The German Company wants to argue semantics and that Plaintiff acted based on a lack of knowledge, not a mistake. These arguments are not persuasive and are inconsistent with the *Krupski* opinion. Because the German Company was timely put on notice of the claim it is not prejudiced in defending this action. All the requirements for the Amended Complaint to relate back have been satisfied so the motion to dismiss must be denied.

**ORDER ADOPTING REPORT AND RECOMMENDATION - 11**

## ORDER

Because the Court finds the Report and Recommendation of Judge Dale to be well founded in law, the Court hereby accepts in their entirety, and adopts as its own, the findings made by Judge Dale. The objections of Big Dutchman Pig Equipment GmbH are denied. Acting on the recommendation of Judge Dale, and this Court being fully advised in the premises,

**IT IS HEREBY ORDERED**:

1. Defendant Big Dutchman Pig Equipment GmbH's Motion to Dismiss (Dkt. 62) is **DENIED**.

2. Plaintiff's Motion to Dismiss Big Dutchman, Inc. (Dkt. 65) is **GRANTED**.

3. The February trial date in this matter was vacated pending this Court's ruling on the motion to dismiss. This matter shall be re-set for jury trial on **Tuesday, October 1, 2013 at 9:30 a.m. at the Federal Courthouse in Pocatello, ID.**

DATED: **April 19, 2013**

Honorable Edward J. Lodge
U. S. District Judge